IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEPHEN S. WELCH,

        **Plaintiff,**

vs.                            No.   3:14-cv-00335-DRH-PMF

UNION PACIFIC RAILROAD
COMPANY,

        **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.    INTRODUCTION

Pending before the Court is defendant Union Pacific Railroad Company's ("Union Pacific") motion to transfer venue under 28 U.S.C. § 1404(a) (Doc. 10). Defendant moves to transfer this action to the Northern District of Oklahoma. Plaintiff Stephen S. Welch timely responded in opposition (Doc. 21). As defendant has not met its burden of demonstrating the proposed transferee forum is clearly more convenient, the Court DENIES the motion.

### II.    BACKGROUND

Plaintiff, a mechanic of defendant's residing in Vinita, Oklahoma filed this action against defendant on March 14, 2014, alleging that he was injured on October 9, 2011 when a ballast gave way and plaintiff had to lift and place a derailed buggy back on the rails. In sum, defendant instantly argues transfer of this action is

warranted as the majority of witnesses live in Oklahoma, plaintiff's injuries occurred in Oklahoma, and plaintiff is an Oklahoma resident. On this basis, defendant argues that the convenience of the parties and witnesses, along with the interests of justice, weigh heavily in favor of transferring this suit.

Plaintiff responds that defendant's proposed forum is not "clearly more convenient" as an inspection of the accident site is not necessary, and the majority of plaintiff's treating physicians who will provide substantive, relevant, and material testimony reside outside the Northern District of Oklahoma and are either located proximately, or at least more accessibly, the Southern District of Illinois located in East St. Louis, Illinois.

### III.    LAW AND APPLICATION

Section 1404(a), provides that: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Defendant bears the burden of establishing that the transferee forum is "clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986).

In weighing these factors, a task committed to the sound discretion of the trial judge, district courts must consider the statutory factors in light of all the circumstances of the case. *Id*. at 219. When assessing convenience, courts generally look to "each party's access to and distance from resources in each forum," "the location of material events," "the availability of and access to witnesses," and "the

relative ease of access to sources of proof." *See Research Automation, Inc. v. Schrader-Bridgeport Int'l Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

As to the interests of justice, courts consider "docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Id.* (citations omitted). The Court stresses that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto Indus., Inc.*, 347 f.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Stated more plainly, a tie goes to plaintiff. *Id.* at 665.

Here, defendant has not met its burden of demonstrating that the suggested transferee forum is clearly more convenient than the present. As to the convenience of the parties, defendant cites to numerous witnesses who reside in various cities in Oklahoma as demonstrating that the Northern District of Oklahoma is clearly more convenient. Defendant claims "the operations of Union Pacific would be disrupted if the employee-witnesses were forced to spend days or perhaps weeks at a trial in the Southern District of Illinois to testify about events which occurred in the Northern District of Oklahoma" (Doc. 11, p. 13-14). Defendant additionally argues that every witness would be inconvenienced if forced to testify in the Southern District of Illinois. Finally, defendant cites to the accident's occurrence in Oklahoma and

Page **3** of **7**

plaintiff's residence there as warranting transfer.

In response, plaintiff notes that although the accident occurred in Pryor, Oklahoma, an inspection of the accident site is not necessary (Doc. 21, p. 6). Further, plaintiff notes that Drs. Taylor, Boutwell, and Phillip, plaintiff's treating physicians, are located in St. Louis, Missouri, and their offices are located 23.1 miles, 22.8 miles, and 22.8 miles respectively from the courthouse in East St. Louis. Plaintiff notes that these three doctors' (who performed surgical procedures on plaintiff) knowledge of plaintiff's injuries is material to the instant case, as "the damage portion of his case will constitute the main focus of his trial and many of plaintiff's medical witnesses are expected to testify live" (Doc. 21, p. 7). Plaintiff further contends that if this case were to be transferred to the Northern District of Oklahoma, "it is likely that the physicians would refuse to appear live to testify."

Additionally, plaintiff cites employees at Union Pacific's headquarters, located in Omaha, Nebraska, who may testify, as "many of its records, including the plaintiff's personnel file and medical file and other sources of proof are likely located in Omaha, Nebraska" (Doc. 21, p. 5). As these witnesses will most likely have to travel by air from Omaha, Nebraska for trial, regardless of whether the trial takes place in this Court or Oklahoma, plaintiff notes this Court is approximately 16.1 miles from Lambert-St. Louis International Airport. Finally, plaintiff notes defendant's potential witnesses are mostly defendant's employees and are thus assumed to appear voluntarily.

On the basis of the above arguments, the Court finds defendant has not met its burden of demonstrating the Northern District of Oklahoma is clearly more convenient than this Court. In sum, defendant argues transfer is warranted as the accident at issue occurred in Oklahoma and it would be inconvenient for its employees and witnesses to have to travel to this Court to testify.

However, while the accident occurred in Oklahoma, plaintiff states that a site inspection is not necessary. Thus, while this factor weights in defendant's favor, defendant cannot point to any specific need to conduct trial in proximity to the accident site. In twenty-two years on the bench, this judge has yet to take a jury to view a scene in a personal injury case. Additionally, although plaintiff is not a resident of this district, plaintiff's choice of forum still weighs in his favor.

As to inconvenience to its employees, Union Pacific's conclusory allegations that "the operations of Union Pacific would be disrupted if the employee-witnesses were forced to spend days or perhaps weeks at a trial in the Southern District of Illinois," and that "transportation of these witnesses for depositions and other necessary trial preparation would be very costly over the course of the lawsuit," carries little weight with this Court. Without more information into specific anticipated employee witnesses of defendant who are expected to testify live, including the nature of their testimony and individualized inconveniences associated with their prospective live testimony, the sheer distance from various locations in Oklahoma to this Court is not enough to warrant transfer.

As plaintiff points out, defendant is headquartered in Omaha, Nebraska. Plaintiff alleges that since his personnel and medical file are located in Union Pacific's Medical Department in Omaha, "Union Pacific witnesses from Omaha would have to fly to Lambert-St. Louis International Airport to testify in this case" (Doc. 21, p. 5). This Court is undeniably close to the St. Louis metropolitan area. Thus, for defendant's corporate employees, this venue is arguably as convenient as any other metropolitan area in this region of the country. *See generally Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite*, 212 F.3d 1031, 1037 (7th Cir. 2000).

Thus, the witnesses are from differing locations, including the St. Louis area, plaintiff alleges no site inspection is necessary, and defendant provides only conclusory allegations of inconvenience. Moreover, while doctors from Oklahoma did see plaintiff after his injury, Drs. Taylor, Boutwell, and Phillip performed surgical procedures on plaintiff and "are very important to plaintiff's case and will likely testify live" (Doc. 21, p. 10). Plaintiff's complaint alleges "injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the spin" (Doc. 2, p. 4). Drs. Taylor, Boutwell, and Phillip, as well as employees from the St. Louis Spine & Orthopedic Surgery Center, will likely offer medical testimony that is clearly material to this action due to the nature of plaintiff's injuries. While the Court acknowledges that the site of the accident is Oklahoma, this factor alone does not warrant transfer. Defendant has not met its burden of demonstrating the

Northern District of Oklahoma is clearly more convenient. At most, the convenience factors are a wash, meaning plaintiff wins the tie.

As to the interests of justice inquiry, plaintiff's claims arise under federal law. Thus, this factor is neutral. Further, plaintiff offers documentation that demonstrates the median time for case disposition is 11 months in the Southern District of Illinois and 12 months for the transferee forum, the Northern District of Oklahoma (Doc. 21, p. 8). While this factor slightly favors this forum, it is more or less neutral as well. Further, while plaintiff is a resident of Oklahoma, the Court notes this district also has a strong interest in litigating this case, as defendant, an Illinois resident, employs citizens of this district and "operates main line track throughout the Southern District of Illinois" (Doc. 21, p. 3).  Similarly to the convenience factors, the interest of justice inquiry demonstrates the weight of the factors is balanced at best. Thus, defendant has not met its burden.

## IV.    CONCLUSION

For the reasons stated above, the Court **DENIES** defendant's motion to transfer (Doc. 10).

**IT IS SO ORDERED.**

Signed this 30th day of July, 2014.

Digitally signed by David R. Herndon
Date: 2014.07.30 14:21:48 -05'00'

**Chief Judge**
**United States District Court**