IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STEPHEN S. WELCH**,

**Plaintiff,**

v.                                                      No. 14-0335-DRH

**UNION PACIFIC RAILROAD COMPANY,**

**Defendant.**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Now before the Court is defendant's motion for summary judgment (Doc. 30). Defendant maintains that it is entitled to summary judgment because plaintiff has not produced any evidence that it was negligent. Naturally, plaintiff opposes the motion (Doc. 32). Based on the record and the applicable law, the Court denies the motion as there are genuine issues of material fact that preclude summary judgment.

On March 13, 2014, Stephen S. Welch filed a one count complaint against his employer Union Pacific Railroad Company ("Union Pacific") pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, et. seq. ("FELA") (Doc. 1). Welch was employed as a mechanic for Union Pacific (Doc. 1. p. 2). The complaint alleges

that on or about October 9, 2011, Welch "was injured when the ballast give way while Plaintiff was required to lift ad place a derailed buggy back on the rails that had derailed while working in Pryor, Oklahoma." (Doc. 1, p. 2).

## Summary Judgment Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). To survive summary judgment, a nonmovant must be able to show that a reasonable jury could return a verdict in his favor; if he is unable to "establish the existence of an element essential to [her] case, and on which he will bear the burden of proof at trial," *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), summary judgment must be granted. A bare contention that an issue of fact exists is insufficient to create a factual dispute, but the court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.,* 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003) (noting the often stated proposition that "summary judgment cannot be used to resolve swearing contests between litigants"). A material fact must be outcome determinative under the governing law. *Insolia v. Philip Morris Inc.,* 216 F.3d 596, 598–99 (7th Cir. 2000). "Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008).

## Analysis

Welch alleges that the Union Pacific violated 45 U.S.C. § 51. The statute provides in relevant part:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury or death resulting in whole or in part from the negligence of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

"FELA was enacted in response to the dangers inherent in working for the railroad and the high rate of injuries among railroad employees." *Lynch v. Northeast Regional Commuter R.R. Corp.*, 700 F.3d 906, 911 (7th Cir. 2012)(citing *Consolidate Rail Corp. v. Gottshall*, 512 U.S. 532, 542-42 (1994)). FELA imposes upon railroads a general duty to provide their employees with a safe place to work. *Holbrook v. Norfolk S. Ry. Co.,* 414 F.3d 739, 741 (7th Cir. 2005). A plaintiff suing under Federal Employers' Liability Act (FELA) must prove the common law elements of negligence: duty, breach, foreseeability, and causation. *Williams v. Nat'l R.R. Passenger Corp.,* 161 F.3d 1059, 1062 (7th Cir. 1998); *Fulk v. Ill. Cent. R.R. Co.,* 22 F.3d 120, 124 (7th Cir. 1994). "Under FELA, railroads are liable if carrier negligence play any part, even the slightest, in producing the injury." *Lynch*, 700 F.3d at 911 (citing *CSX Transportation, Inc. v. McBride*, 131 S.Ct 2630, 2634 (2011)). Although "a plaintiff's burden when suing under the FELA is significantly lighter than in an ordinary negligence case ... [t]he FELA does not, however, render a railroad an insurer of its employees." *Id.* at 741–42. The lighter burden of proof allows a plaintiff to more easily survive a motion for summary judgment, but he must still proffer some evidence of the

defendant's negligence to survive summary judgment. *Id.* at 742 (citing *Lisek v. Norfolk & W. R.R. Co.*, 30 F.3d 823, 832 (7th Cir. 1994)).

Union Pacific maintains because discovery is closed, Welch did not name an expert, and there are no other lay witnesses except Welch, it is entitled to summary judgment as Welch has not produced any evidence that Union Pacific was negligent. Union Pacific also maintains that Welch has not shown any evidence that having 10 inches of ballast down is anything but normal procedure. Welch counters that there are genuine issues of material fact regarding Union Pacific's negligence in that it provided him an unsafe place to work. The Court agrees with Welch.

In this case, the buggy derailed in an area where Union Pacific dumped fresh ballast along, and on top of, the ties and the railroad track. In re-railing the buggy, Welch had to stand on at least ten inches of rock piled on a top of a tie. As Welch lifted the buggy, the pile of rocks he was standing on shifted, sank and gave way. Welch's left foot slid down and he injured his back. Union Pacific's AIRS Manager's Report states: "Employee was assisting resetting front buggy of [illegible]. While lifting, employee's foot had ballast shift under foot causing employee to feel twinges in back and neck." (Doc. 32-2). Moreover, Welch's personal injury report states that the "high rock on ties and over rail" caused or contributed to the accident. (Doc. 32-3). In fact, Welch described the incident in his injury report as follows: "Tamping the River switch in the Pryor Plant Area When the Front Buggy Derailed on some high Rock. Pick the Buggy Up to Put it Back on Rail, I Sliped [sic] Between ties and Jared [sic] my Back." *Id.* In addition, Welch testified the

following:

> "I was – I grabbed ahold of the machine. I shifted my feet. Got them shoulder-length apart, like we should, to get ready to lift this thing. And it was secure until we got the weight up. Then as we went to put it on the rail, my body's leaning, the rocks start rolling out from under my feet …. Well, I mean, the rock on the tie was ten inches thick. And there wouldn't have been no way to brush it off. … Couldn't see it."

(Doc. 32-1, ps. 137-138).

Based on the forgoing, the Court concludes that questions of material fact preclude summary judgment. A jury could infer that Union Pacific's conduct of piling up nearly a foot of rock in the area where Welch was working was unsafe and negligent. A jury could also infer that Union Pacific was aware of the unsafe area as it created the 10 inch pile of ballast on top of a railroad tie.[1] Considering the lighter burden of proof for plaintiffs in FELA cases and that all facts are construed in the light most favorable to the nonmoving party, the Court finds that Welch has provided evidence by which a jury could find that Union Pacific was negligent in creating unsafe conditions and work surface. *See Holbrook*, 414 F.3d at 742 (noting that a railroad will be held liable if employer negligence played any part, even the slightest, in producing the injury). For these reasons, the Court denies Union Pacific's motion for summary judgment.

### Conclusion

Accordingly, the Court **DENIES** Union Pacific's motion for summary

---

1 Further, the Court notes that expert testimony is not needed in this case. "A long line of FELA cases reiterate the lesson that the statute vests the jury with broad discretion to engage in common sense inferences regarding issues of causation and fault." *Lynch,* 700 F.3d at 915 (quoting *Harbin v. Burlington Northern R.R. Co.*, 921 N.E.2d 129, 132 (7th Cir. 1990)).

judgment (Doc. 30). The parties shall contact magistrate Judge Frazier if a settlement conference would be beneficial.

**IT IS SO ORDERED.**

Signed this 23rd day of October, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.10.23 09:52:09 -05'00'

**United States District Judge**